(June 7, 1902.)

## HADLEY v. CLARK.

[69 Pac. 319.]

PURCHASER ASSUMING PAYMENT OF MORTGAGE.—When one purchases land, and it is recited in the deed that the land conveyed is subject to a mortgage, the land is as effectually charged with the encumbrance of the mortgage debt as if the purchaser expressly assumed the payment of the debt, or had himself executed the mortgage.

ESTOPPEL.—Where the amount of an existing mortgage is deducted from the purchase price of the encumbered property, and the purchaser assumes to pay it, in such a case he is estopped to deny the validity of the mortgage for any reason.

JOINT EXECUTION BY HUSBAND AND WIFE.—In a mortgage where the husband's name does not appear in the body of the instrument only as a signer thereof, and its execution is duly acknowledged by him, it is as valid as though his name appeared in the same wherever his wife's name appears therein.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

E. E. Chalmers, for Appellant.

The mortgages in question appearing to have been executed by N. H. Clark and his wife, Evlyn R. Clark, were and are in no sense the mortgages of the husband, N. H. Clark, for the reason that his name does not appear in the recital at the beginning of the instrument, but only at the end of it. (1 Devlin on Deeds, 2d ed., secs. 194, 196-201a; *Agricultural Bank of*

*Mississippi v. Rice,* 4 How. 225; *Bachelor v. Brereton,* 112 U. S. 396, 404, 5 Sup. Ct. Rep. 180; 9 Am. & Eng. Ency. of Law, 2d. cd., 111.) The defendant Evlyn R. Clark, being the wife of the defendant N. H. Clark, could not make legally the contracts which are set out in the complaint and amended complaint herein. (1 Devlin on Deeds, secs. 900, 101; 15 Am. & Eng. Ency. of Law, 741, and citations.) The pleadings on behalf of the plaintiff in this action do not state facts sufficient to constitute a cause of action, because they do not show that the contract, or contracts, set out therein, were for the use or benefit of her separate property or for her own use or benefit, or that the debt secured by said mortgages was incurred for the use or benefit of the sole mortgagor Evlyn R. Clark, or of her separate property, or for her own use or benefit. (*Bassett v. Beam,* 4 Idaho, 106, 36 Pac. 501; *Dernham v. Rowley,* 4 Idaho, 753, 44 Pac. 643.)

John W. Jones and N. H. Clark, for Respondent.

"When one purchases land expressly subject to a mortgage, the land conveyed is as effectually charged with the encumbrance of the mortgage debt as if the purchaser had expressly assumed the payment of the debt or had himself made the mortgage of the land to secure it." (*Sweetzer v. Jones,* 35 Vt. 317, 82 Am. Dec. 639; *Cobb v. Dyer,* 69 Me. 494; *Fuller v. Hunt,* 48 Iowa, 163; *Woodbury v. Swan,* 58 N. H. 380; *Manwaring v. Powell,* 40 Mich. 371; *Berry v. Whitney,* 40 Mich. 65. "The amount of an existing mortgage having been deducted from the purchase money of the encumbered property, the grantee in effect undertakes to pay the amount of the purchase money represented by the mortgage to the holder of it and he is as effectually estopped to deny its validity as he would be had he in terms agreed to pay such mortgage." (*Johnson v. Thompson,* 129 Mass. 398; *Quite v. Stevens,* 98 Mass. 305; 1 Jones on Law of Real Property, sec. 261; *Burke etc. Livestock Co. v. Wells, Fargo & Co.,* 7 Idaho, 42, 60 Pac. 87.) The fact that the name of N. H. Clark does not appear in the body of the instrument does not render the mortgage void.

(1 Jones on Law of Real Property, p. 36, sec. 38; *Schley v. Pull-man Car Co.,* 25 Fed. 890; *Woodward v. Seaver,* 38 N. H. 29; *Stone v. Montgomery,* 35 Miss. 83; *Thompson v. Lovrein,* 82 Pa. St. 432; *Clark v. Clark,* 16 Or. 224, 18 Pac. 1; *Ochoa v. Miller,* 59 Tex. 460, 462; *Hrouska v. Janke,* 66 Wis. 252, 28 N. W. 166.)

SULLIVAN, J.—This is an action to foreclose two mortgages. The action was brought by N. H. Clark, Esq., the husband of the defendant Evlyn R. Clark, as attorney for the plaintiff, Hannah Hadley. Subsequently an amended complaint was filed, by which the said N. H. Clark was made a defendant, and John W. Jones, Esq., was substituted as the attorney for the plaintiff. The appellant demurred generally to the amended complaint, which demurrer was overruled, and thereupon appellant answered, and put in issue many of the material allegations of the complaint. After trial judgment was as prayed for in the complaint. This appeal is upon the judgment-roll, and rests upon the general demurrer to the complaint.

The following facts appear from the record: On June 3, 1897, the defendant Evlyn R. Clark purchased the land and premises described in the mortgages referred to in the complaint from the plaintiff, Hannah Hadley, and on July 9, 1897, to secure the purchase price of said land, executed to said Hadley two promissory notes, for $325 each, and, to secure the same, executed and delivered the two mortgages sued on herein. Said mortgages were signed by said Evlyn R. Clark and her husband, N. H. Clark, but the husband's name appeared nowhere in said mortgages, except when he signed the same, and in the acknowledgment thereto. That thereafter the said Clarks sold said mortgaged premises to the appellant, C. W. F. Durham, and conveyed the same to him by warranty deed, wherein and whereby said premises were conveyed, subject, however, to said mortgages; and said Durham entered into the possession of said premises under said conveyance, and is now in possession of said premises under said conveyance, and is now in possession

thereof and enjoying the same, and refuses to pay said notes and interest due thereon, and contends that the court erred in overruling said demurrer for the following reasons: 1. That the mortgages in question were not the mortgages of the defendant N. H. Clark, the husband of the mortgagor Evlyn R. Clark; 2. That the defendant Evlyn R. Clark was a married woman, and could not execute a legal mortgage, being incompetent by reason of her coverture; 3. And that said amended complaint does not state a cause of action, in that it is shown that said mortgages were executed by a married woman, and does not allege that they were executed for the use or benefit of the separate property of said married woman, or for her use and benefit.

The record shows that the appellant purchased said premises, and the conveyance to him from the Clarks recited the fact that said premises were subject to the payment of said mortgages; and it is also shown that said mortgages were of record in the office of the recorder of the county wherein said land was situated. By the fact that said conveyance recited that said premises ware subject to said purchase price mortgages, said land was as effectually charged with the encumbrance of the mortgage debts as if the purchaser had expressly assumed the payment of the debt, or had himself executed said mortgages. (1 Jones on Mortgages, 3d ed., 602.) As is usually done in such cases, the amount of the mortgage is deducted from the purchase price of the encumbered property, and the grantee undertakes to pay the mortgage debt, and in such a case he is effectually estopped to deny the validity of the mortgage. (*Johnson v. Thompson,* 129 Mass. 398; 1 Jones on Real Property, sec. 261; *Green v. Turner,* 38 Iowa, 112.) In the case of *Burke etc. Livestock Co. v. Wells, Fargo & Co.,* 7 Idaho, 42, 60 Pac. 87, this court held that though a mortgage would be held void, if the stockholders or corporation were complaining, yet the parties who bought the property subject to such mortgage were, while retaining the property purchased subject to said mortgage estopped to deny the validity thereof. In the case at bar the husband only joined in said mortgages

by duly signing and acknowledging the execution thereof. The wife and husband, or either of them, are as effectually estopped from denying the execution of either of said mortgages as though they were as formal as they could be made by any conveyance, and for that reason they could not contest the validity thereof. For that reason, as well as for the reason that appellant assumed the payment of said mortgages, he is estopped from denying their validity.

The judgment is affirmed, with costs in favor of respondent.

Quarles, C. J., and Stockslager, J., concur.