791 P.2d 1318

### POCATELLO RAILROAD EMPLOYEES FEDERAL CREDIT UNION, Plaintiff–Respondent,

v.

### Robert P. GALLOWAY and Donna Galloway, Defendants–Appellants,

and

### Idaho Bank and Trust, Defendant.

No. 17711.

Court of Appeals of Idaho.

April 4, 1990.

Petition for Review Denied June 19, 1990.

740

John B. Kugler, Pocatello, for defendants-appellants.

Johnson, Olson & Bacon, Pocatello, for plaintiff-respondent. Charles Johnson III argued.

BURNETT, Judge.

In this appeal we examine issues relating to a credit union loan, credit insurance and an encumbrance of community real property. The Pocatello Railroad Federal Credit Union sued to foreclose on real property that Robert and Donna Galloway had

pledged as security for a loan. The Galloways counterclaimed, alleging that the credit union had breached the loan contract by failing to obtain sufficient credit insurance and in addition had violated the truth in lending laws. The district court held a bench trial and entered judgment for the credit union. The Galloways appealed. For the reasons discussed below, we affirm the judgment, and award attorney fees to the credit union.

The background facts are as follows. Mr. Galloway was employed by the Union Pacific Railroad, making him eligible to borrow money from the Railroad Employees Federal Credit Union in Pocatello. In 1981, he owed the credit union approximately $31,000 in outstanding consumer loans. Mr. Galloway then decided to borrow another $9,000 from the credit union. According to findings of the district court, the parties agreed to consolidate all the loans and to secure them by a deed of trust on the Galloways' residential property. After consolidation, the amount borrowed was $40,760, with an interest rate of 17% per year. The loan was to be repaid in monthly installments of $708, for a five-year period. At the end of the fifth year, a balloon payment of $28,365 would be due. Unfortunately, when Mr. Galloway signed the promissory note, it lacked the balloon payment amount and it contained an incorrect interest rate. Moreover, the deed of trust signed along with the promissory note failed to name a beneficiary. The credit union later added the balloon payment to the note outside the presence of the Galloways.

The Galloways also had asked the credit union to arrange for credit life and credit disability insurance on Mr. Galloway, to be included in the consolidated loan package. Mr. Galloway testified that he requested "as much insurance as he could get." However, when the new loan documents were signed, neither of the Galloways waited at the credit union for an insurance extension agreement to be completed. Instead, Mr. Galloway signed a blank extension agreement which the credit union later filled in to match the original promissory note. A copy of this document and a disclosure form were mailed to the Galloways. The Galloways also received a copy of their credit insurance policy.

Later that year, Mr. Galloway suffered an injury. Partial monthly payments on the loan were made from the credit disability insurance. When Mr. Galloway recovered from his disability, approximately a year and a half later, the insurance payments ceased. In financial difficulty, Mr. Galloway then quit making payments on the loan. Upon notice of default, the credit union sought foreclosure on the Galloways' residence and, after a bench trial, the district court granted the foreclosure. The Galloways then filed this appeal.

The Galloways raise a number of issues. They contend that the credit union cannot collect on the note because (a) conflicting provisions in the promissory note rendered it invalid; (b) the note was not signed by Mrs. Galloway; (c) the credit union failed to obtain sufficient credit life insurance; (d) the deed of trust failed to name a beneficiary and (e) the credit union failed to make a full disclosure of the loan terms. We will discuss these contentions in order.

### A

We first consider the argument that the note was invalid. The Galloways argue that because the original promissory note lacked the balloon payment amount and incorrectly stated the interest rate, it was a nullity. It appears to us that the district court treated the original, unaltered promissory note as an ambiguous contract and then turned to extrinsic evidence to determine the intent of the parties when the contract was formed. Thus, the task before us is two-fold. First, we must determine whether the contract was ambiguous. Second, we must decide whether the district court correctly interpreted the contract.

We exercise free review in determining whether a contract is ambiguous.

*Laight v. Idaho First National Bank,* 108 Idaho 211, 697 P.2d 1225 (Ct.App.1985). In this case, the original promissory note contained a principal amount which could not be paid off under the payment terms provided in the document. Consequently, it is clear to us, as it must have been to the district court, that the contract on its face was incomplete and could not reflect the intent of the parties. Therefore, the district court correctly found it ambiguous and resorted to extrinsic evidence to determine the parties' intent.

■ Intent is a factual question on which we defer to the district court's finding unless it is clearly erroneous. I.R.C.P. 52(a). Here, after listening to testimony from the Galloways and the credit union's loan officers, the district court found, as noted above, that the parties intended to create a $40,760 loan, at an interest rate of 17%, and with a $28,365 balloon payment at the end of five years. The Galloways dispute this finding but have not supplied us with a transcript on appeal. Consequently, there is nothing in the record before us to refute the district court's findings.

It is well settled that it is the appellant's duty to supply us with a complete record and we will not presume facts or errors on appeal. *See, e.g., Lisher v. City and/or Village of Potlach,* 101 Idaho 343, 612 P.2d 1190 (1980). Therefore, we will not disturb the district court's factual findings concerning parties' intent. Upon those findings the court properly concluded that the note was not a nullity.[1]

### B

■ The Galloways also argue that the contract is invalid because Mrs. Galloway did not join in encumbering the real property. The argument is, of course, a non sequitur; but the Galloways urge it on the basis that Mrs. Galloway failed to sign the promissory note.

The argument is misguided. It is true that I.C. § 32–912 provides that community real property cannot be encumbered unless both spouses sign the deed of trust or other instrument of conveyance. It is also true that Mrs. Galloway did not sign the note. However, she did sign the deed of trust. According to the district court's factual findings, she was aware of the contract terms when the property was encumbered. In any event, Mr. Galloway's signature was enough to give force to the note. We conclude the note was not impaired by any defect in the encumbrance upon the real property.

### C

■ The Galloways next argue that even if there was a valid contract, the credit union breached it by failing to obtain sufficient disability insurance, as requested, to cover the entire loan amount. As noted above, the credit disability insurance had made partial loan payments while Mr. Galloway was disabled. However, the insurance payment was not sufficient to cover the full monthly loan payment, which put the Galloways in default. The Galloways assert that they had requested the credit union to obtain sufficient insurance so that full payments would be made. The district court found, however, that the Galloways were informed by the credit union of the insurance policy limits and were aware that there was no agreement for the insurance to cover the entire loan amount. The parties' understanding as to insurance was a factual issue for the district court to determine. We must accept this factual finding unless it is shown to be clearly erroneous. As with the previous issue, since we have not been supplied with a transcript, we can find nothing in the record requiring that

---

1. The Galloways also argue that the district court should not have admitted the altered promissory note as evidence to determine whether there was a valid contract. They cite I.C. § 9–601 for the proposition that altered documents cannot be admitted as evidence. However, this statute allows admission of the document if the alteration can be explained. *Lowry v. Ireland Bank,* 116 Idaho 708, 779 P.2d 22 (1989). Such was clearly the case here.

we disturb this factual finding. Therefore, we defer to it.

## D

The Galloways' next contention is that the contract is invalid because the deed of trust failed to designate the credit union as the beneficiary. Again, the argument is non sequitur. In any event, the beneficiary issue is answered by *Hadley v. Clark*, 8 Idaho 497, 69 P. 319 (1902). There, our Supreme Court held that failure to designate a beneficiary is not necessarily fatal to a mortgage if estoppel principles apply. Since deeds of trust are similar to mortgages, we believe that *Hadley* can be extended to this case. The Galloways knew the credit union was the beneficiary when they entered into the contract and accepted the benefit of the loan. Thus, under the equitable approach announced in *Hadley*, they are estopped from asserting this technical error as a defense against enforcement of the loan agreement.

## E

Finally, the Galloways argue that because the credit union provided a disclosure statement which omitted the balloon payment provision and misstated the interest rate, they should be allowed to rescind the agreement. We disagree. The district court found that this case involved a consumer loan and, as such was governed by the then-applicable Idaho/Uniform Consumer Credit Code.[2]

Under the state code, the credit union had a duty to disclose the terms of the loan. At the time the credit union made the loan, it provided to the Galloways a copy of a consumer credit disclosure which omitted material terms. However, as the district court found, the Galloways actually were aware of the correct terms of the loan. Moreover, they did not bring an action complaining of the original omission within one year of the violation. *See* 15 U.S.C. § 1640(e) and I.C. § 28–35–203(5) (requiring action be brought within one year of violation). Finally, both the state and federal truth-in-lending acts excuse violations that are unintentional and result from a bona fide error. *See* 15 U.S.C. § 1640(c) and I.C. § 28–35–203(3). We believe, upon reviewing the record we have before us, that while the credit union intentionally altered the promissory note to correct the error, the initial error was unintentional and information was not omitted in order to mislead the Galloways. Consequently, rescission would have been inappropriate.

The credit union seeks attorney fees on appeal under both I.C. § 12–120 and § 12–121. Because this is an action on a promissory note, we deem I.C. § 12–120 to be applicable. Thus, the credit union, as the successful party in this appeal, is entitled to an award of attorney fees on appeal under I.C. § 12–120. *Boise Truck and Equipment, Inc. v. Hafer Logging, Inc.*, 107 Idaho 824, 826, 693 P.2d 470, 472 (Ct. App.1984) (review denied).

In conclusion, we affirm the district court judgment. Costs and a reasonable attorney fee to be determined under I.A.R. 41 to respondent.

WALTERS, C.J., and WESTON, J. Pro Tem., concur.

---

2. The parties appear to disagree as to whether the provisions of the federal Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, or those of the then applicable state consumer credit code, 28–23–101 *et seq.* should apply to this case. At the time the loan was made, the state consumer credit code was in effect. It has since been repealed. However, we deem this issue irrelevant, since the result would be the same under either statutory scheme. Therefore, we cite to both sets of statutes.