612 P.2d 1190

**Lee Eldon LISHER, Plaintiff-Appellant,**

v.

**CITY AND/OR VILLAGE OF POTLATCH, Mayor: Gene Walters, Council Persons: Gordon Lidean, William D. Bell, Nick DeMattia and Marvel Ingalls, Defendants-Respondents.**

No. 13438.

Supreme Court of Idaho.

June 9, 1980.

Rehearing Denied July 22, 1980.

**344**

Lee E. Lisher, pro se.

Robert P. Brown, of Clements, Clements & Brown, Lewiston, for respondents.

PER CURIAM.

Plaintiff Lee Eldon Lisher brought a petition for writ of mandate against defendants, the City of Potlatch, its mayor and city council members, seeking the removal of a stop sign placed at the intersection of Fourth and Pine streets in Potlatch. Lisher contends that installation of the stop sign was not in compliance with the Idaho Code or the Manual of Uniform Traffic Control Devices for streets and highways. Lisher also contends that an engineering study was needed before the sign could be erected.

The district court granted the city's motion for involuntary dismissal under I.R.C.P. 41(b), and Lisher challenges the district court's order. The issue on appeal is whether the district court erred in denying Lisher's petition for writ of mandate and in granting the city's motion for involuntary dismissal.

■ At the outset, we note that Lisher failed to request a reporter's transcript of the testimony offered at trial. Because no such transcript was provided, the factual findings of the trial court cannot be reviewed on appeal, *Baker v. Ore-Ida Foods, Inc.*, 95 Idaho 575, 585, 513 P.2d 627, 637 (1973); *Neer v. Safeway Stores, Inc.*, 92 Idaho 361, 365, 442 P.2d 771, 775 (1968), and we must accept them as valid. *See Beneficial Life Ins. Co. v. Wakamatsu*, 75 Idaho 232, 238, 270 P.2d 830, 833 (1954).

Our review of the record presented indicates no error on the part of the district court in denying the writ of mandate and in granting the motion for involuntary dismissal. The lower court reviewed the facts and pertinent law and concluded that neither the Idaho statutes nor the Uniform Manual of Traffic Control Devices required a traffic engineering study by the city prior to installation of the stop sign. The lower court also concluded that the Idaho statutes permit a city to exercise discretion in determining placement and location of stop signs within its city limits, and that there was insufficient evidence to establish an abuse of discretion in this situation. Likewise, the district court concluded there was insufficient evidence to establish that the stop sign had been placed at the intersection to favor a special interest.

■ Our review of the relevant statutes and case law reveals the following: I.C. § 50–314 specifically grants cities the power to control and limit traffic on their streets. Id.Const. art. 12, § 2 also provides that a city may make and enforce all such local, police, sanitary and other laws which are not in conflict with its charter or the general laws of the state. And under the language of I.C. § 49–586, the legislature gave local jurisdictions the authority to place and maintain traffic-control devices upon highways under their jurisdiction *where they deemed it necessary* (emphasis added). Under these statutes it is clear that the Idaho Legislature intended to grant all cities, including the City of Potlatch, the discretion to determine when and where to locate such traffic control devices. In addition, the language of the Manual of Uniform Traffic Control Devices, which discusses the loca-

tion and placement of stop signs, uses language that is advisory and permissive rather than mandatory.

 When the acts of a municipal corporation are discretionary and not mandatory, a writ of mandate will not lie to compel the performance of such an act. I.C. § 7–302; *Saviers v. Richey*, 96 Idaho 413, 415, 529 P.2d 1285, 1287 (1974); *State ex rel. Williams v. Adams*, 90 Idaho 195, 202, 409 P.2d 415, 419–20 (1965). Based on pertinent law, Lisher showed no right to relief and the lower court accordingly dismissed his petition with prejudice.

Lisher cites *Jorstad v. City of Lewiston*, 93 Idaho 122, 456 P.2d 766 (1969) as standing for the proposition that a failure to comply with the provisions of the Manual of Uniform Traffic Control Devices should result in a finding of negligence per se against the city. Particularly, Lisher alleges that the City of Potlatch failed to comply with the requirements of stop sign placement as outlined in the Manual and should be held negligent, as was the city in the *Jorstad* case. We are unable to agree with this argument. We are not faced here with a negligence action but rather a mandamus action to compel removal of a sign.

As we expressed earlier, the language of the Manual is couched in advisory terms, not in terms which are mandatory. There is no duty to place stop signs at particular intersections, and there can be no subsequent violation of it. Also, *Jorstad* dealt with a wrongful death action which arose from an improperly *designed* and *constructed* street divider. It did not involve the "improper placement" of a stop sign at a particular intersection, and may be distinguished from the present situation on its facts. Thus, in the case at bar it was proper for the city to move for an involuntary dismissal under these circumstances.

 Where a defendant moves for involuntary dismissal in a non-jury case, the court sits as trier of facts and is not required to construe the evidence most favorably to the plaintiff. *Sorenson v. Adams*, 98 Idaho 708, 712, 571 P.2d 769, 773 (1977).

Since the motion for dismissal was granted in this case, it acts as an adjudication upon the merits. I.R.C.P. 41(b); *Sorenson v. Adams, supra*. In the absence of error by the lower court, we affirm the dismissal of plaintiff's case.

Affirmed, with costs to respondent but no attorney's fees allowed.