780 P.2d 146

**Ronald McDONNELL, substituted for Lee Ruwe, Plaintiff-Appellant,**

v.

**The BOARD OF COUNTY COMMISSIONERS, CANYON COUNTY, Idaho, Defendant-Respondent.**

**No. 16921.**

Supreme Court of Idaho.

Aug. 7, 1989.

Rehearing Denied Oct. 19, 1989.*

Kenneth F. White, Nampa, for plaintiff-appellant.

Richard L. Harris and Charles L. Saari (argued), Caldwell, for defendant-respondent.

ON REHEARING

HUNTLEY, Justice.

This appeal is pursued by McDonnell, a property owner who claims that his applications for permission to develop a mobile home park, laundromat, car wash and convenience store on his property were improperly denied by the Board of the Canyon County Commissioners.[1] In 1975 the county adopted a comprehensive plan designating the parcel involved as agricultural. In 1979 the county adopted an ordinance which brought its zoning into conformity with the comprehensive plan and formally reclassified the parcel as agricultural. The 1979 ordinance repealed the 1965 ordinance which had classified the parcel as commercial ("C"). Mr. McDonnell had acquired the subject property in 1976.

In November of 1983, the Commissioners, acting in accordance with the recommendation of the County Planning and Zoning Commission, denied requests for a rezone and a conditional use permit which had been filed on September 15, 1983.[2]

*Dissenting opinion on denial of rehearing will be published.

1. Actually, the applications for permission to develop this parcel were filed by Lee Ruwe, who, at the time of such filing was a contract purchaser of McDonnell's property. After the

contract for sale was terminated, the district court formally substituted McDonnell for Ruwe as the proper party in the present action.

2. Early in 1980, an application for a building permit for the construction of a mobile home

McDonnell appealed to the district court which remanded the case to the Commissioners for an evidentiary hearing requesting findings of fact and conclusions of law regarding the public notices given preceding adoption of the 1979 zoning ordinance. The Commissioners adopted findings and conclusions ruling that although the notices given complied with I.C. §§ 67–6509 and 67–6511 when viewed independently of all else, the notices did not comply with the provisions of I.C. §§ 67–6509 and 67–6511 as to the McDonnell property when considered together with reliance placed on certain advice given by the County Planning and Zoning office. The district court disagreed, ruling that the notices did comply with the statutory provisions but, nonetheless, applied equitable estoppel on behalf of McDonnell and ruled that his property is entitled to a "C–2" commercial classification under the present ordinance.

McDonnell appealed the decision of the district court to this Court, asserting that while the district court may have intended to place him in the position he was in prior to the enactment of Canyon County's 1979 Zoning Ordinance, the "C–2" classification provided for in the court's order failed to do so. McDonnell argues that under the judgment of the district court he must await a public hearing and approval by the commission prior to obtaining permission to build the mobile home park under "C–2," whereas the superceded ordinance would have allowed the building of a mobile home park as a matter of right.

The judgment on appeal entered by the district court on March 12, 1987, contained the following order in paragraph 5:

> 5. That the subject premises are given a classification of C2 under the Canyon County Zoning Ordinance approved and adopted on the date of September 6, 1979, which zoning classification is substantially the same as the prior zoning classification of C under the Canyon County Zoning Ordinance approved and adopted on the date of January 11, 1965.

That paragraph is inconsistent with the court having applied equitable estoppel be-

park was filed and denied. The denial of that

cause if equitable estoppel were to be applied the plaintiff would be entitled to a "C" classification of the nature which existed under the Canyon County Zoning Ordinance approved and adopted on January 11, 1965.

Accordingly, we affirm the judgment and decree of the district court in all respects except that paragraph 5 is hereby amended to read:

> 5. That the subject premises are given a classification of C under the Canyon County Zoning Ordinance approved and adopted on the date of January 11, 1965.

Since the district court's finding of equitable estoppel has not been questioned on appeal, we are not called upon to consider the application of our prior decision in *Harrell v. City of Lewiston*, 95 Idaho 243, 506 P.2d 470 (1973), and we do not rule upon whether equitable estoppel can appropriately be applied in future cases of this nature.

Costs to respondent; no attorney fees awarded.

BAKES, C.J., and BISTLINE, J., concur.

SHEPARD, J., sat but did not participate due to his untimely death.

JOHNSON, Justice, concurring in the result.

I concur in the result reached in the lead opinion, but I would not reach that result on the basis of estoppel. In my view, the 1979 ordinance was invalid as to any zoning change of McDonnell's property, because it was adopted in violation of the statute providing for notice to property owners when zoning district boundary changes are made.

While the 1979 ordinance was styled as a new zoning of Canyon County, in fact, it was only an amendment of the 1965 ordinance. I.C. § 67–6511(b) (1975) provides that when the amendment of a zoning ordinance changes a zoning district boundary, "notice shall be provided by mail to property owners and residents within the land being considered." This notice was not given, and the ordinance was therefore not

application was never appealed.

valid to change the zoning of McDonnell's property from commercial to agricultural.