788 P.2d 179

**Ronald McDONNELL, substituted for Lee Ruwe, Plaintiff-Appellant,**

v.

**The BOARD OF COUNTY COMMIS-SIONERS, CANYON COUNTY, Idaho, Defendant-Respondent.**

No. 16921.

Supreme Court of Idaho.

Oct. 19, 1989.

## ORDER DENYING PETITION FOR REHEARING

The Appellant having filed a PETITION FOR REHEARING on August 24, 1989, and supporting BRIEF on September 7, 1989, of the Court's Opinion entered August 7, 1989, 116 Idaho 824, 780 P.2d 146; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REHEARING be, and hereby is, DENIED and the Addendum on Denial of the Petition for Rehearing by BISTLINE, J., be, and hereby is, RELEASED.

BISTLINE, Justice. On Denial of Appellant's Petition for Rehearing.

One vote, standing alone, is never enough to grant a petition for rehearing, and for that reason I have not wasted my vote. However, both the parties and the district court in this case have properly brought an issue to the attention of this Court that deserves review.

Both parties have presented this Court with the same constitutional question, yet we have declined to address it. In fact, no court that has had this case has decided whether the public notice given preceding the adoption of the 1979 Canyon County Zoning Ordinance satisfied the requirements of procedural due process. The district court remanded this case to the Planning and Zoning Commissioners, in order to allow the Commissioners to hold hearings to determine whether the public notice was sufficient. Subsequently the district court, in reviewing the factual findings of the Commissioners, stopped short of commenting on the constitutional issue raised, because *contrary* to the Commissioners the court found that the notice given satisfied the relevant statutory notice provisions, I.C. §§ 67–6509 and 67–6511. Moreover, the district court did this without stating what specific provision of I.C. § 67–5215(g) it based its reversal of the Commissioner's findings of fact.

On review, we placed Mr. McDonnell's property in the position it was in prior to the 1979 ordinance. We remained silent on the question whether notice was constitutionally sufficient. However, Justice Johnson, while concurring in the result of the case, did point out that public notice of the 1979 ordinance did not satisfy the requirements of I.C. § 67–6511(b), which requires notice by mail.

Finally, the appellant's petition for rehearing also notes that this Court misstates the facts of the case in note 2 of its opinion. No building permit was denied. Instead, Lee Ruwe was told by the zoning commissioner when he applied that a conditional use permit under the 1979 ordinance was the appropriate step. This combination of factors—no clear statement by the district court why it held contrary to what the Commissioners found, no statement by any court on the constitutional issues involved, more than one point of view on whether the public notice satisfied statutory requirements, and a questionable grasp on the facts of the case by this Court—leads me to want to rehear this case.