851 P.2d 982

**Frank C. McCUSKEY, Plaintiff–Appellant,**

v.

**CANYON COUNTY, a political subdivision of the State of Idaho, and Carlos Bledsoe, Glenn O. Koch, and Joyce Chase, the Board of Canyon County Commissioners, and Lori Walker as Administrator of the Canyon County Planning and Zoning Commission, Defendants–Respondents.**

No. 19005.

Court of Appeals of Idaho.

May 29, 1992.

Review Granted Sept. 30, 1992.

Kenneth F. White, Nampa, for plaintiff-appellant.

Richard L. Harris, Canyon County Atty., Charles L. Saari, Deputy County Atty., Caldwell, for defendants-respondents. Charles L. Saari, argued.

SILAK, Judge.

This appeal concerns the zoning status of a parcel of property owned by Frank McCuskey, located in Canyon County. In October 1986, McCuskey sought a building permit from the County to construct a convenience store on the property. The Canyon County Planning and Zoning Commission (Zoning Commission) denied McCuskey's request and McCuskey initially appealed to the Canyon County Board of County Commissioners (County Board). However, McCuskey later withdrew his appeal and both McCuskey and the County filed petitions for declaratory relief in the district court. After consolidation and trial of the case, the district court concluded: (1) that McCuskey's property had been legally zoned as "Rural Residential" under the 1979 Canyon County Zoning Ordinance; (2) that commercial uses were not permitted on Rural Residential property; (3) that the County was not estopped from enforcing the zoning restrictions against McCuskey's proposed commercial use of the property; and (4) that the County had therefore properly denied McCuskey a permit to construct and operate a convenience store on the property. On appeal, we vacate the district court's judgment and remand to the district court with instructions to remand to the Zoning Commission for findings of fact and conclusions of law.

## FACTS AND PROCEDURAL BACKGROUND

McCuskey's property is located on the southwest corner of the intersection of 10th Avenue South and Karcher Road in Canyon County. At the time McCuskey purchased the property in 1978, his predecessor in title possessed a conditional use permit to construct a convenience store on

the premises. However, this permit was granted on condition that the convenience store be a "SunRay Dairy" convenience store. In July and again in August, 1978, McCuskey submitted requests to the Zoning Commission to have the property rezoned from "Rural Residential" to "Commercial" so that he could construct and operate a "Circle K" convenience store on the premises. The Zoning Commission denied McCuskey's request, which denial was upheld by the County Board.

Sometime early in 1979, McCuskey made another request to the Zoning Commission to have his property rezoned "Commercial." After a public hearing on March 21, 1979, the Zoning Commission again denied McCuskey's request. McCuskey again appealed to the County Board. In a decision dated April 27, 1979, the County Board, based on McCuskey's testimony that he purchased the property with the understanding that his predecessor had a permit to construct and operate a convenience store thereon, granted McCuskey a conditional use permit to construct a "Circle K" convenience store on the property. However, residents in the area soon submitted a Petition for Rehearing and Redetermination of the County Board's decision to grant McCuskey the conditional use permit, and on May 18, 1979, the County Board reconsidered its decision and rescinded the permit. McCuskey did not seek judicial review of the County Board's decision to rescind the conditional use permit.

On May 29, 1979, the Zoning Commission issued a building permit to McCuskey to build a "SunRay Dairy" store, based on the permit the County Board had granted to McCuskey's predecessor in October of 1977, for the construction of such a store. Because of financial difficulties, which eventually led to its bankruptcy, the Sun-Ray Dairy Corporation never constructed a store on the property.

About seven years later, on October 3, 1986, McCuskey again applied to the Zoning Commission for a permit to construct and operate a convenience store on the property; this time a "Bell's Gas and Convenience Store." On November 5, 1986, the Zoning Commission issued McCuskey a permit to construct a convenience store on the property, but did so on condition that the store would be a "Circle K" convenience store. This decision was based on the County Board's April 27, 1979, decision to grant McCuskey a conditional use permit to build a "Circle K" store. The November 5, 1986, permit was subsequently rescinded, however, when the Zoning Commission discovered records showing that on May 18, 1979, the County Board had rescinded the conditional use permit it had granted McCuskey on April 27, 1979.

On November 6, 1986, McCuskey filed a petition with the County Board for clarification of the property's zoning status. However, in a letter dated November 25, 1986, McCuskey was informed by the County Attorney that the County was going to seek resolution of the property's zoning status through an action for declaratory judgment in the district court. Thereafter, McCuskey withdrew his petition for clarification before the County Board and both the County and McCuskey filed petitions for declaratory relief in the district court. McCuskey also sought a writ of mandamus ordering the County to issue him a permit for the construction and operation of a convenience store on the property.

In his petition for declaratory judgment, McCuskey claimed that the enactment of Canyon County's 1979 zoning ordinance was procedurally defective, and, therefore, the rezoning of his property under the ordinance to "Rural Residential" was without effect. He further asserted that because the 1979 zoning ordinance was void, his property remained zoned as "Heavy Industrial," as it had been zoned under the previous zoning ordinance, and that under the Heavy Industrial zoning status, he was entitled to construct and operate a commercial venture on the premises.[1] McCuskey also argued that the County was estopped from enforcing the 1979 zoning ordinance against him, and requested a writ of man-

---

1. With certain exceptions, under the previous zoning ordinance all lawful purposes, including commercial uses, were permitted on property zoned as Heavy Industrial.

damus ordering the Zoning Commission to issue him a building permit. The district court's declaratory judgment upheld the validity of the County's 1979 zoning ordinance classifying McCuskey's property as "Rural Residential." The court also concluded that the County was not estopped from enforcing the ordinance against McCuskey, and determined that the County properly refused to issue him a building permit. McCuskey now appeals to this Court.

## ISSUE ON APPEAL

Neither of the parties has raised the issue which is dispositive of this appeal; namely, whether this matter was properly before the district court on petitions for declaratory judgment. Because we conclude that this matter was not properly brought before the district court, we need not address the various issues raised by the parties.

## ANALYSIS

■ Both parties petitioned the district court for declaratory judgment, seeking a determination as to the zoning status of McCuskey's property and whether the County should be estopped from enforcing the zoning restrictions of the County's 1979 zoning ordinance against McCuskey. In effect, the parties are attempting to have the district court review the validity of the 1979 Canyon County zoning ordinance and the administrative decision of the Zoning Commission denying McCuskey's request for a building permit. For the reasons stated below, we hold that petitions for declaratory judgment are outside of I.C. §§ 67–6519 and –5215(b–g), which set forth the exclusive procedures for seeking judicial review of zoning decisions made under Idaho's Local Planning Act, and, therefore, this matter was not properly before the district court on petitions for declaratory judgment. I.C. §§ 67–6519 and –5215(b–g); *Bone v. City of Lewiston*, 107 Idaho 844, 847, 693 P.2d 1046, 1049 (1984).

In *Bone*, our Supreme Court clearly settled the issue which is before us in this case. Bone had applied for a rezoning of his property from low-density residential use to a limited commercial use. The City's Planning and Zoning Commission recommended to the City Council that Bone's request be denied. Without adopting any findings of fact or conclusions of law, the City Council followed the Commission's recommendation and denied Bone's application. Bone subsequently filed suit in district court, requesting declaratory relief and a writ of mandamus forcing the City to rezone his property. The City objected to the matter being submitted to the district court on a petition for declaratory judgment and writ of mandamus, contending that this method of review was outside of I.C. §§ 67–6519 and –5215(b–g).

The Supreme Court agreed with the City, holding that I.C. § 67–5219 requires that all judicial review of zoning decisions must be conducted under § 67–5215(b–g). *Bone*, 107 Idaho at 848, 693 P.2d at 1050. Section 67–5215(b–g) provides for judicial review of agency decisions which are final, confines the scope of judicial review to the record, and outlines in detail the standard of review or bases upon which a court may reverse the agency's decision. The Supreme Court in *Bone* concluded that § 67–5215(b–g) is:

a complete, detailed, and exhaustive remedy upon which an aggrieved party can appeal an adverse zoning decision.... [T]he legislature's intent in outlining the scope of review and the bases upon which a court may reverse a governing body's zoning decision [is] clear. We find no evidence that the legislature intended other avenues of appeal to be available or that bases for reversal or the scope of review should be broader than that found in § 67–5215(b–g).

*Bone*, 107 Idaho at 847–48, 693 P.2d at 1049–50. Accordingly, the Court reversed and remanded the case to the district court with directions for that court to remand to the City Council for the adoption of findings of fact and conclusions of law. The Court further stated that once the agency issued a final decision based upon findings of fact and conclusions of law, Bone could file a petition for judicial review in the

district court, and the district court could review the final agency decision within the scope and standards of review set forth in I.C. § 67–5215(b–g).

■ In this case, no final decision of the agency has been rendered because the parties did not appeal the decision of the Zoning Commission to the County Board. Nor did the district court confine its consideration of this matter to a review of the record as required by I.C. § 67–5215(f). Instead, the district court conducted a trial *de novo* of the matter. Therefore, we vacate the judgment of the district court and remand the case to the district court with directions for that court to remand to the Zoning Commission for adoption of findings of fact and conclusions of law. Once a final agency decision is rendered, either party may petition the district court for judicial review of that decision, which review should be conducted within the parameters of I.C. § 67–5215(b–g).

### CONCLUSION

We hold that this case was improperly brought before the district court on petitions for declaratory relief. I.C. § 67–5215(b–g). Accordingly, we vacate the judgment of the district court and remand with instructions that the district court remand to the Zoning Commission for the adoption of findings of fact and conclusions of law.

No costs or attorney fees are awarded.

WALTERS, C.J., and SWANSTROM, J., concur.