851 P.2d 953

**Frank C. McCUSKEY, Plaintiff–Appellant,**

v.

**CANYON COUNTY, a political subdivision of the State of Idaho, and Carlos Bledsoe, Glenn O. Koch, and Joyce Chase, the Board of County Commissioners, and Lori Walker as Administrator of the Canyon County Planning and Zoning Commission, Defendants–Respondents.**

**No. 20218.**

Supreme Court of Idaho,
Boise, December 1992 Term.

March 29, 1993.

Rehearing Denied May 24, 1993.

Kenneth F. White, Nampa, for plaintiff-appellant.

Richard L. Harris, Canyon County Atty., Charles L. Saari, Deputy Canyon County Atty., Caldwell, for defendants-respondents. Charles L. Saari argued.

BISTLINE, Justice.

This controversy involves a dispute over the zoning status of a parcel of land in Canyon County owned by appellant, Frank McCuskey, upon which he wants to build a gas station/convenience store. McCuskey believes the land is zoned "heavy industrial" pursuant to the 1965 Canyon County zoning ordinance and that his plan is within the permitted uses allowed in that zone. Respondent, Canyon County, believes the land is zoned "rural residential" pursuant

to a 1979 Canyon County zoning ordinance and that the gas station is not a permitted use within that zone.

The dispute arose when McCuskey requested a building permit to erect a "Bell's Gas and Convenience Store." The Canyon County Planning and Zoning Office ("P & Z") issued a permit for a "Circle K" store on the property. McCuskey then filed a petition for clarification of zoning status. A month later, P & Z issued a stop work order regarding the property, claiming that the building permit was issued in error.

Two weeks before the scheduled hearing on the motion to clarify, McCuskey withdrew the petition for clarification. He then filed a petition for declaratory judgment in the district court. Canyon County filed a petition for declaratory judgment on the next day. In addition, McCuskey petitioned the court to issue a writ of mandate compelling the Canyon County Commissioners ("Commissioners") to issue him, McCuskey, a building permit so that he could build a gas station/convenience store on the land.

At the hearing on the cross-petitions for declaratory judgment relief, McCuskey challenged the validity of the 1979 zoning ordinance. He claimed the county did not follow the correct statutory notice and hearing procedures when considering the ordinance. Further, he argued that the procedure by which the ordinance was adopted was in violation of due process because he was not personally notified of any hearings which were to be held to consider the zoning change of his property.

The district court, in its memorandum decision and order, made the following findings of fact:

1. That under the 1965 Canyon County zoning ordinance, the property was zoned heavy industrial.

2. McCuskey purchased the parcel in 1978.

3. On April 27, 1979, the Commissioners made two decisions affecting the parcel: a) they changed the zoning on the comprehensive plan from "R–C" (rural center) to "R–R" (rural residential); b) they granted McCuskey a "Conditional Use Permit" to build a Circle K store because McCuskey purchased the land "with a Conditional Use Permit allowed by a previous Board."

4. Soon afterwards, the Commissioners issued an order staying the issuance of the permit because of protests about the construction of a Circle K store.

5. On May 18, 1979, the Commissioners rescinded the permit "on grounds that the conditional use permit was not requested and the granting of it was a material change from the recommendation of the P & Z."

6. No judicial review was taken from this action.

7. On September 9, 1979, the Commissioners adopted a new zoning ordinance which downzoned McCuskey's property to rural residential. McCuskey was not given mailed notice that the Commissioners were considering changing the zoning of his land.

8. Seven years later, on October 3, 1986, McCuskey requested the building permit for the "Bell's Gas and Convenience Store." This litigation ensued.

From these facts, the court made the following conclusions of law:

1. That the property was zoned heavy industrial until it was changed to rural residential by the adoption of the 1979 zoning ordinance.

2. That a gas station/convenience store would be a permitted use in a heavy industrial zone but not in a rural residential zone.

3. That McCuskey's challenge to the validity of the 1979 zoning ordinance was without merit because the Commissioners complied with the statutory notice and hearing requirements of I.C. §§ 67–6509 and 67–6511.

4. That upholding the validity of the 1979 zoning ordinance was "virtually mandated" by *McDonnell v. Board of County Commrs. of Canyon County*, 116 Idaho 824, 780 P.2d 146 (1989).

In light of its ruling that the land is zoned "rural residential," the district court

denied McCuskey's request for a writ of mandate. McCuskey appealed and the cause was assigned to the Court of Appeals.

The Court of Appeals resolved the cause on an issue neither of the parties raised: "namely, whether this matter was properly before the district court on petitions for declaratory judgment." The Court of Appeals held that:

> petitions for declaratory judgment are outside of I.C. §§ 67–6519 and –5215(b–g), which set forth the exclusive procedures for seeking judicial review of zoning decisions made under Idaho's Local Planning Act, and, therefore, this matter was not properly before the district court on petitions for declaratory judgment. I.C. § 67–6519 and –5215(b–g); *Bone v. City of Lewiston,* 107 Idaho 844, 847, 693 P.2d 1046, 1049 (1984).

*McCuskey v. Canyon County,* 123 Idaho 686, 688, 851 P.2d 982, 984.

The Court of Appeals vacated the judgment of the district court and remanded with instructions that it in turn remand to the P & Z for the adoption of findings of facts and conclusions of law.

After the issuance of the Court of Appeals opinion, pursuant to I.A.R. 118, each party filed a petition for review. Both parties argued that: (1) the Court of Appeals misinterpreted *Bone v. City of Lewiston,* 107 Idaho 844, 693 P.2d 1046 (1984), and (2) the controversy could be decided by an action for declaratory judgment. We granted review and now, for the reasons expressed below, affirm the district court in part, reverse it in part, and remand for the entry of an order.

## DISCUSSION

### 1. *A Petition for Declaratory Judgment May be Brought in This Cause.*

As noted above, the Court of Appeals found *Bone* to be dispositive of this case. In *Bone,* the property owner filed a rezoning application with the Lewiston Planning and Zoning Commission. The commission recommended to the city council that the request be denied. The city council, without adopting any findings of fact, denied the application. Bone then filed a petition for declaratory judgment and for a writ of mandamus, both of which were granted by the district court.

On appeal, this Court reversed and remanded to the district court with instructions for that court to remand to the city council for findings of fact and conclusions of law. The Court held "that § 67–5215(b–g) is the exclusive source of appeal for adverse zoning decisions." *Bone,* 107 Idaho at 848, 693 P.2d at 1050. Bone argued that he was not appealing from the adverse zoning decision but, rather, was bringing an independent action. The Court disagreed, stating that "[s]uch an argument exalts form over substance." *Bone,* 107 Idaho at 849, 693 P.2d at 1051.

■ We agree with McCuskey's contention that *Bone* is distinguishable from this cause. The property owner in *Bone* argued that he was "entitled to have his property zoned in conformance with the land use map." *Id.* In this case, McCuskey is challenging the *enactment* of the 1975 comprehensive plan and the 1979 zoning ordinance. Thus, he is not arguing that the authorities made the wrong zoning decision, but rather he challenges the validity of the zoning ordinance.

Thus, this case is more like *Jerome County v. Holloway,* 118 Idaho 681, 799 P.2d 969 (1990). In *Jerome,* this Court stated that "the district court had jurisdiction to issue its declaratory judgment regarding the validity of the 1985 amendment to the [Jerome County] zoning ordinance," but appeals involving the issuance of a particular permit should be reviewed under the procedures established by the Local Planning Act. *Jerome,* 118 Idaho at 685, 799 P.2d at 973. *See Burt v. City of Idaho Falls,* 105 Idaho 65, 66 n. 2, 665 P.2d 1075, 1076 n. 2 (1983) ("While we hold that a legislative zoning decision is not subject to direct judicial review, it nonetheless may be scrutinized by means of collateral actions such as declaratory actions.").

*Bone* is further distinguishable because Bone applied for a rezone while McCuskey

has no pending rezone application before P & Z or the Commission. All McCuskey applied for was a building permit. Thus, there was no zoning decision for McCuskey to appeal.

We hold that the district court correctly concluded that it had the authority to consider the petitions for declaratory judgment under I.C. § 10–1201. That statute grants to courts of record "the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." Here, we believe that statute invested the court with the authority to declare the zoning status of the subject property.

■ However, Canyon County goes on to argue that McCuskey may not maintain a declaratory judgment action because he failed to appeal certain adverse zoning decisions made prior to the enactment of the 1979 zoning ordinance. In making that argument the county relies upon *West Boise 87 v. L & S Development Co.*, 108 Idaho 449, 451, 700 P.2d 71, 73 (Ct.App. 1985) ("Normally, a party is entitled to judicial review of administrative decisions only after all administrative remedies have been exhausted.") and *Palmer v. Board of County Commrs.*, 117 Idaho 562, 564, 790 P.2d 343, 345 (1990) ("[E]xcept in unusual circumstances parties must exhaust their administrative remedies before seeking judicial recourse."). The trouble with Canyon County's argument is that McCuskey is not seeking review of any pre–1979 administrative decisions. He is seeking a determination of how his land is zoned. Accordingly, there are no administrative procedures to exhaust.

We hold that the trial court had the authority to consider the petitions for declaratory judgment. In light of that holding, we also address the merits of the appeal from that court's decision.

### 2. *The 1979 Canyon County Zoning Ordinance Is Void.*

The parties have stipulated as to the following sequence of events surrounding the passage of the 1979 zoning ordinance:

July 9, 1979: A notice of a 7–25–79 P & Z hearing on the proposed zoning ordinance was published.

July 25, 1979: The hearing was held.

August 14, 1979: A notice for Commissioners' hearing on the zoning ordinance appears in Idaho Press Tribune.

August 30, 1979: The Commissioners hold a hearing on the ordinance.

September 6, 1979: The Commissioners pass the proposed zoning ordinance, which includes a downzone of McCuskey's property to rural residential status.

McCuskey argues that he should have been given mailed notice of the 8–30–79 hearing pursuant to I.C. § 67–6511. That statute provides in part:

■ Ordinances establishing zoning districts shall be **amended** as follows:

. . . .

(b) If the request is in accordance with the adopted plan, the zoning and planning commission may recommend and the governing board may adopt or reject the ordinance amendment under the notice and hearing procedures provided in section 67–6509, Idaho Code, **provided that in the case of a zoning district boundary change, additional notice shall be provided by mail to property owners or purchasers of record within the land being considered....** When notice is required to two hundred (200) or more property owners or purchasers of record, alternative forms of procedure which would provide adequate notice may be provided by local ordinance in lieu of posted or mailed service.

(Emphasis added.) McCuskey contends that the above notice statute should have been complied with because the 1979 zoning ordinance effected a zoning district boundary change by downzoning his property from a heavy industrial zone to a rural residential zone.

The district court disagreed with McCuskey and found that service by mail was not required because "the Canyon County 1979 zoning ordinance was a new enactment which was governed by I.C. § 67–6509 rather than an amendment of zoning boundaries which would be governed by

I.C. § 67–6511(b)." R. 406. As the district court pointed out, I.C. § 67–6511(b) applies when a zoning ordinance is being amended. On the other hand, I.C. § 67–6509 permits notice by publication when a county governing body is considering the adoption of a new zoning enactment. Thus, the determinative question here is whether the 1979 zoning ordinance was a new enactment or an amendment of the 1965 zoning ordinance.

The district court relied upon our decision in *McDonnell v. Board of County Commrs.*, 116 Idaho 824, 780 P.2d 146 (1989), in concluding that the 1979 zoning ordinance was a new enactment. In *McDonnell*, a Canyon County property owner sought permission to develop a mobile home park and other commercial ventures on land zoned "agricultural" under the 1979 Canyon County zoning ordinance. The land was zoned "commercial" under the 1965 zoning ordinance.

The county commissioners denied the request, and McDonnell appealed the decision to the district court. The district court remanded the case to the commissioners for findings of facts and conclusions of law regarding the public notices given before the adoption of the 1979 ordinance.

The commissioners found that the notices given complied with I.C. §§ 67–6509 and 67–6511 in general but not as to McDonnell because of the reliance McDonnell placed on advice given by P & Z. The district court disagreed with the commissioners and ruled that the notices did comply with the statutory requirements. Nevertheless, the court ruled in favor of McDonnell on the basis of equitable estoppel. The court then issued its ruling that McDonnell was entitled to a "C–2" zone.

McDonnell appealed the order, arguing that he was entitled to a "C" zone, as that was what his land was zoned under the 1965 ordinance. After noting the issue of equitable estoppel was not questioned on appeal, this Court agreed with McDonnell.

Justice Johnson concurred in the result, stating that he would not reach the result on the basis of estoppel but rather because "the 1979 ordinance was invalid as to any change in McDonnell's property, because it was adopted in violation of the statute providing for notice to property owners when zoning district boundary changes are made." *McDonnell*, 116 Idaho at 825, 780 P.2d at 147. Justice Johnson went on to say that:

> While the 1979 ordinance was styled as a new zoning of Canyon County, in fact, it was only an amendment of the 1965 ordinance. I.C. § 67–6511(b) (1975) provides that when the amendment of a zoning ordinance changes a zoning district boundary, 'notice shall be provided by mail to property owners and residents within the land being considered.' This notice was not given, and the ordinance was therefore not valid to change the zoning of McDonnell's property from commercial to agricultural.

*McDonnell*, 116 Idaho at 825–26, 780 P.2d at 147–48.

The district court in this case read *McDonnell* to mean that, contrary to Justice Johnson's opinion, "the Canyon County 1979 zoning ordinance was a new enactment which was governed by I.C. § 67–6509 rather than an amendment of zoning boundaries which would be governed by I.C. § 67–6511(b)," and that upholding the 1979 ordinance was "virtually mandated" by *McDonnell*. R. 406.

We believe that *McDonnell* does not control here. The majority in *McDonnell* did not reach the issue of whether the 1979 zoning ordinance was a new enactment or an amendment because the court resolved the case on an alternative basis. Thus the majority never faced the issue of whether the 1979 zoning ordinance was invalid because there was no service by mail, and it did not rule whether service by mail was or was not required. Accordingly, the district court erred in relying upon *McDonnell* to uphold the validity of the of the enactment of the 1979 zoning ordinance.

Canyon County goes on to argue that written notice was not required prior to the hearing on the 1979 zoning ordinance be-

cause the 1965 zoning ordinance was "effectively invalidated" by *Love v. Board of County Commrs. of Bingham,* 105 Idaho 558, 671 P.2d 471 (1983). In that case, this Court stated that "[t]he enactment of a comprehensive plan is a precondition to the validity of zoning ordinances. I.C. § 67–6511." 105 Idaho at 559, 671 P.2d at 472. The county argues that the 1965 zoning ordinance was invalid because there was no comprehensive plan when it was adopted. Therefore, according to the county, the 1979 zoning ordinance could not have been an amendment to the 1965 ordinance.

Canyon County's argument misconstrues our statement in *Love.* The statement above quoted was made in the context of construing the Local Planning Act of 1975. I.C. § 67–6510 *et seq.* That act requires each county to create or amend an existing comprehensive plan and then create or amend an existing zoning ordinance in accordance with the comprehensive plan. I.C. §§ 67–6508 to 67–6511. The Local Planning Act of 1975 in no way "effectively invalidated" any prior zoning ordinances; it merely required the counties to amend or create a zoning ordinance in accordance with their comprehensive plan. Until that task was completed, there can be no doubt that the previous zoning ordinance remained in effect.

█ As there was a valid zoning plan in Canyon County in place at the time of the passage of the 1979 ordinance, we conclude the 1979 ordinance was an amendment to the 1965 zoning ordinance, not a new enactment. Further, as the amendment effected a zoning district boundary change as to McCuskey's land, McCuskey was entitled to mailed notice of the hearing pursuant to I.C. § 67–6511(b). We further hold that the portion of the 1979 ordinance which purports to downzone McCuskey's property is void. A zoning ordinance enacted without complying with the state enabling statutes is ineffectual. *Jerome County v. Holloway,* 118 Idaho 681, 684, 799 P.2d 969, 972 (1990) (*citing Citizens for Better Government v. County of Valley,* 95 Idaho 320, 322, 508 P.2d 550, 552 (1973)).

McCuskey makes several other procedural challenges to the enactment of the 1979 zoning amendments as well as a challenge to the adoption of the Canyon County comprehensive plan. We need not reach those contentions because of our resolution on the statutory notice issue.

### 3. *McCuskey is not Entitled to a Writ of Mandate Compelling the County to Issue a Building Permit.*

█ Even though we agree with McCuskey that his land is zoned heavy industrial, it does not follow, as he claims, that he is entitled to a writ of mandate directing the Commissioners to issue him a building permit to construct a gas station/convenience store. It is well-established that a writ of mandate will not issue to compel the performance of a discretionary act. *Lisher v. City and/or Village of Potlatch,* 101 Idaho 343, 345, 612 P.2d 1190, 1192 (1980); I.C. § 7–302. As I.C. § 67–6519 gives counties the discretion to grant or deny an application for a permit authorized or mandated by the Local Planning Act of 1975, a writ of mandate is not available to compel the issuance of such a permit.

### 4. *Canyon County's Alternative Theories for Affirming the District Court are Not Persuasive.*

█ Canyon County argues that even if McCuskey's land is zoned heavy industrial this Court can still uphold the decision of the district court because McCuskey is procedurally barred from bringing this action. While it is true that this Court can affirm the district court on a theory that was not relied upon below, *Andre v. Morrow,* 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984), we find that the alternative grounds proposed by Canyon County are without merit.

█ Canyon County's first proposed alternative ground is that McCuskey failed to name certain indispensable parties to the action. Idaho Code § 67–6511(b) requires that notice be given to landowners located within 300 feet of any parcel of land being considered for a zoning change. According to the county, this statutory right to notice

makes these landowners indispensable parties to McCuskey's petition for declaratory judgment.

However, this argument fails because McCuskey was not asking for a zoning change. He was asking the district court to determine whether his land was zoned rural residential per the 1979 amendments or heavy industrial per the 1965 ordinance. McCuskey's argument, with which we agree, was that no zoning change was needed because the 1979 amendments were void as to his land and that the 1965 zoning ordinance permitted his proposed use. Thus, the nearby landowners were not indispensable parties to the petition for declaratory judgment. Further, as we have affirmed the dismissal of McCuskey's petition for a writ of mandate, we need not address whether the nearby landowners were indispensable parties to that action.

■ The second alternative ground proffered by the county is that McCuskey's claim is barred by laches. The county argues that all four elements of laches as set forth in *Finucane v. Village of Hayden,* 86 Idaho 199, 205, 384 P.2d 236, 240 (1963), are present here.[1]

■ The county claims it would be prejudiced if McCuskey is permitted to bypass the county's administrative procedures. However, we do not perceive how that could be so whereas we have determined that McCuskey is not entitled to a writ of mandate. If McCuskey wants a building permit for his land, he still must apply to the P & Z. Second, the county claims that McCuskey's alleged delay prejudiced it in its presentation of the facts concerning the adoption of the 1979 ordinance. We reject this contention because the county never contested the determinative fact in this case, *i.e.,* that no mailed notice was given to McCuskey. In sum, we find the defense of laches to be inapplicable because Canyon County has not shown it has suffered any prejudice or injury from McCuskey's purported delay.[2]

## CONCLUSION

We affirm the order denying McCuskey's petition for a writ of mandate. The order granting declaratory judgment to Canyon County is reversed. The order denying McCuskey's petition for declaratory judgment is also reversed. The cause is remanded to the district court for the entry of an order declaring McCuskey's land is zoned heavy industrial. We award costs, but not attorney fees, to McCuskey.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and REINHARDT, J. Pro Tem., concur.

---

1. The four necessary elements of laches are: (1) the defendant's invasion of plaintiff's right; (2) a delay in the assertion of plaintiff's right; (3) lack of knowledge by the defendant that plaintiff would assert that right; (4) injury or prejudice to the defendant in the event relief is granted to the plaintiff or the suit is not held to be barred. *Finucane v. Village of Hayden,* 86 Idaho at 205, 384 P.2d at 240.

2. Canyon County also argues that the district court should not have considered its Response to McCuskey's Requests for Admission. It contends that such responses should not be used to further the unjustified suppression of the merits. *See Smith v. First National of Atlanta,* 837 F.2d 1575 (11th Cir.1988).

 Idaho Rule of Civil Procedure 37(b) permits the court to allow the withdrawal or amendment of an admission "when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Here, the district court denied the motion to withdraw admissions but granted leave to Canyon County to produce evidence concerning the admissions. As Canyon County has failed to either appeal or cross-appeal from that ruling, we decline to address it. *See Carr v. Carr,* 116 Idaho 754, 757, 779 P.2d 429, 432 (Ct.App.1989) (a party must file a timely notice of appeal or cross-appeal in order to invest the appellate court with jurisdiction to review an order of a lower court); I.A.R. 21.