# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42756

COALITION FOR AGRICULTURE'S FUTURE, an Idaho unincorporated nonprofit association,

    Plaintiff-Appellant,

v.

CANYON COUNTY, a political subdivision of the State of Idaho, and the CANYON COUNTY BOARD OF COMMISSIONERS,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
.

Boise, February 2016 Term

2016 Opinion No. 34

Filed: March 23, 2016

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

The judgment of the district court is <u>affirmed</u>.

Sawtooth Law Office, PLLC, Boise, for appellant. David P. Claiborne argued.

Borton Lakey Law Offices, Meridian, for respondents. Todd M. Lakey argued.

———————————

J. JONES, Chief Justice

This is a declaratory relief action related to planning and zoning in Canyon County. Appellant Coalition for Agriculture's Future ("the Coalition") sued respondents Canyon County and the Canyon County Board of Commissioners (collectively "Canyon County") under the Uniform Declaratory Judgment Act. The Coalition sought to invalidate Canyon County's 2011 comprehensive plan and amendments thereto for noncompliance with Idaho's Local Land Use Planning Act (LLUPA). The district court granted Canyon County's motion to dismiss the action for lack of standing. The Coalition appealed.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Because the district court dismissed the case pursuant to Idaho Rule of Civil Procedure 12(b)(6), the Coalition's factual allegations must be taken as true for the purpose of this appeal. *Losser v. Bradstreet*, 145 Idaho 670, 672–673, 183 P.3d 758, 760–761 (2008). Accordingly, the facts stated below are those alleged by the Coalition.

The Coalition is an unincorporated nonprofit association established to preserve and promote agricultural heritage by educating the public regarding threats to agricultural heritage, economies, and traditions that are posed by irresponsible urban development. Its members include natural persons residing and conducting business in Canyon County. In particular, its members include owners of real property and commercial seed growers in Canyon County.

Prior to May 2011, Canyon County conducted land use planning pursuant to its 2005 Canyon County Comprehensive Plan. On May 19, 2011, the Canyon County Planning and Zoning Commission recommended the adoption of the 2020 Canyon County Comprehensive Plan (the "2020 Plan") to the Canyon County Board of Commissioners. On May 31, 2011, Canyon County adopted Resolution No. 11-098, purporting to repeal the 2005 plan and adopt the 2020 Plan. Resolution No. 11-098 contained the 2020 Plan without any agricultural component and without any future land use map. Although the minutes from the meeting refer to a map, no future land use map was contained in the hearing file or attached to the 2020 Plan.

On August 3, 2011, Canyon County adopted Resolution No. 11-141, purporting to amend the 2020 Plan to include an agricultural component. No future land use map was attached to either the resolution or the amended comprehensive plan.

The Coalition alleges that since May 31, 2011, Canyon County has been making land use and zoning decisions based on a future land use map that was not officially adopted. The map Canyon County has been utilizing has been changed and modified, but not through the processes required by LLUPA. The unofficial map has been used by Canyon County to approve and allow the rezoning, reclassification, and development of agricultural land for residential uses. The unadopted and unofficial future land use map used by Canyon County since May 31, 2011, was based on "windshield surveys" of areas and expired conditional use permit approvals without adequate consideration of agricultural effects or the preservation of agricultural lands. Since July 1, 2011, Canyon County allegedly has not properly amended or modified any future land use map to reflect and incorporate the goals, policies, and implementation actions of the agricultural

2

component of the 2020 Plan.

The Coalition further alleges that since August 3, 2011, Canyon County has failed to implement the goals, policies, and implementation actions of the agricultural component of the 2020 Plan to protect and preserve Canyon County's agricultural lands. Consequently, agricultural lands in Canyon County are allegedly being lost to residential development without consideration of Canyon County's stated goal to preserve and protect agricultural lands.

On July 17, 2013, Canyon County adopted Resolution No. 13-239 to amend the 2020 Plan, *nunc pro tunc*, to include a future land use map and other maps, purporting to correct the error of not including a future land use map with the May 31, 2011 and August 3, 2011 resolutions. The resolution purports to confirm the existence and use of a future land use map since May 31, 2011, despite the fact that no such map existed in the prior public record. The Coalition alleges that in May 2013 the official website for Canyon County included a future land use map that differs from the future land use map Canyon County actually used for land use planning since May 31, 2011.

The Coalition takes issue with Canyon County's alleged failure to comply with LLUPA. The Coalition sued, seeking entry of a declaratory judgment that Canyon County had not duly and properly adopted the 2020 Plan and, therefore, Canyon County's zoning ordinance enacted under that plan is invalid. The action also sought a declaration that all land use decisions made by Canyon County since May 31, 2011, are invalid and of no effect. Alternatively, the action sought an order restraining Canyon County from approving any rezoning of agricultural areas in Canyon County or otherwise approving the use of those areas designated as agricultural areas in the comprehensive plan for non-agricultural uses. The action did not challenge any specific land use decisions. Canyon County filed an answer, generally denying all claims and specifically alleging that the Coalition lacked standing to pursue its claims. Canyon County subsequently moved under Idaho Rule of Civil Procedure 12(b)(6) to dismiss the action on the ground that the Coalition lacked standing.

Thereafter, the Coalition filed four affidavits sworn by individual Coalition members, generally detailing concerns about Canyon County's alleged spot zoning and the need for "isolation." Isolation is the practice of growing seed crops such as onions, sweet corn and popcorn physically separate and apart from differing varieties of the same species to avoid cross-pollination, a condition detrimental to quality seed production. Cross-pollination diminishes or

3

eliminates the value of seed by making it unmarketable.

After conducting two hearings on the issue of standing, the district court entered an order granting Canyon County's motion to dismiss. In a later, amended order, the district court held that the Coalition failed to allege a concrete and palpable injury sufficient to form a basis for standing to seek declaratory relief. It further held that the relief requested would not prevent or redress the claimed injury. Finally, it held that even if the Coalition had alleged an adequate injury, any such injury was suffered alike by all Canyon County citizens and taxpayers so no standing existed. Accordingly, the district court entered a final judgment dismissing the Coalition's amended complaint. The Coalition timely appealed.

## II.
## ISSUES ON APPEAL

1. Whether the district court erred in dismissing the Coalition's complaint for lack of standing.
2. Whether either party is entitled to attorney fees or costs on appeal.

## III.
## STANDARD OF REVIEW

When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of review we apply to a motion for summary judgment. After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims.

In addition, this Court reviews an appeal from an order of summary judgment *de novo*, and this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. Ergo, a district court's dismissal of a complaint under I.R.C.P. 12(b)(6) shall be reviewed *de novo*.

*Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010) (citations and internal quotation marks omitted).

## IV.
## ANALYSIS

**A. The district court did not err in dismissing the complaint for lack of standing.**

Although the Coalition raises some concerns about the manner in which Canyon County handled the adoption of the 2020 Plan, that is not the focus of our inquiry. The district court did not address the merits of the case, but held the Coalition lacked standing to seek judicial redress. "The doctrine of standing focuses on the party seeking relief and not on the issues the party

wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989).

"It is a fundamental tenet of American Jurisprudence that a person wishing to invoke a court's jurisdiction must have standing." *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 124, 15 P.3d 1129, 1132 (2000). In order to satisfy the requirement of standing, a petitioner must "allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Miles*, 116 Idaho at 641, 778 P.2d at 763. Standing requires a showing of a distinct palpable injury and fairly traceable causal connection between the claimed injury and the challenged conduct. *State v. Philip Morris, Inc.*, 158 Idaho 874, 881, 354 P.3d 187, 194 (2015). "This Court has defined palpable injury as an injury that is easily perceptible, manifest, or readily visible." *Id.* The injury cannot be "one suffered alike by all citizens in the jurisdiction." *Troutner v. Kempthorne*, 142 Idaho 389, 391, 128 P.3d 926, 928 (2006). There must be a fairly traceable causal connection between the claimed injury and the challenged conduct. *Id.* "An interest, as a concerned citizen, in seeing that the government abides by the law does not confer standing." *Id.*

The Coalition contends that for many years its members have been involved in the vegetable seed industry, either as growers or by leasing farmland for growing vegetable seeds, and that because of Canyon County's "spot zoning" it has become increasingly difficult to find suitable farmland with sufficient isolation to prevent the seed crops from being cross-pollinated by other plant varieties of the same species. One member also contends that such spot zoning has placed residential development near farmland, exposing farmers to nuisance actions and increasing vehicle traffic on roads.

The Coalition's complaint fails to allege a sufficient injury. Four affidavits the Coalition filed in response to Canyon County's motion to dismiss do allege harm, but the harm alleged is all based on specific zoning decisions rather than on the allegedly invalid 2020 Plan. Each affidavit uses substantially identical language to allege injury to agricultural land from spot zoning decisions that have allowed residential homes to be built among existing agricultural lands.

Neither the complaint nor the affidavits asserts that Canyon County's alleged failure to adopt a valid comprehensive plan has caused a specific injury to the Coalition or its members. What they allege is that Coalition members are harmed by spot zoning decisions. There is no

5

allegation that any particular spot zoning request would have been decided differently if Canyon County had complied with LLUPA in adopting the 2020 Plan. Absent such an allegation, the Coalition has failed to establish standing. Each harm alleged arises as a result of unchallenged zoning decisions, not the 2020 Plan.

If the claimed injury is based on the failure to comply with statutory requirements in adopting the 2020 Plan, the Coalition lacks standing because its injury is neither distinct nor particularized. Assuming that Canyon County failed to comply with LLUPA in adopting the 2020 Plan, all its citizens alike suffer the per se injury of that failure. But such a generalized grievance is insufficient to confer standing. *Troutner*, 142 Idaho at 391, 128 P.3d at 928. Alternatively, if the claimed injury is based on particular but non-specified spot zoning decisions, the Coalition lacks standing because its claimed injury is not fairly traceable to the challenged conduct. That is, there is not a "sufficient causal connection between the injury and the conduct complained of," as required under *Philip Morris*, because the Coalition has not alleged that particular spot zoning decisions would have come out differently under a valid comprehensive plan. Indeed, it would have been difficult for the Coalition to make such an allegation because a comprehensive plan does not entitle a landowner to have property zoned in a certain way. *Bone v. City of Lewiston*, 107 Idaho 844, 850, 693 P.2d 1046, 1052 (1984). Therefore, injurious zoning decisions that vary from projections in a comprehensive plan cannot, standing alone, constitute an injury sufficient to confer standing.

The Coalition argues at length that because it is seeking declaratory relief, the standing requirements are relaxed. "However, the Declaratory Judgment Act does not relieve a party from showing that it has standing to bring the action in the first instance." *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006).

The Coalition contends that it has standing to bring a declaratory judgment action based upon two prior decisions of this Court: *McCuskey v. Canyon Cnty.*, 123 Idaho 657, 851 P.2d 953 (1993), and *Ciszek v. Kootenai Cnty. Bd. of Comm'rs*, 151 Idaho 123, 254 P.3d 24 (2011). Neither case supports the Coalition's claim to standing in this case.

In *McCuskey*, the zoning of the plaintiff's property was downzoned from heavy industrial to rural residential without providing him with notice that the Commissioners were considering doing so. 123 Idaho at 658-59, 851 P.2d at 954-55. This Court held that he could file a declaratory judgment action because "he is not arguing that the authorities made the wrong

zoning decision, but rather he challenges the validity of the zoning ordinance." *Id*. at 660, 851 P.2d at 956. "[T]here was no zoning decision for McCuskey to appeal." *Id*. at 661, 851 P.2d at 957. There is no contention in this case that any of the properties of the Coalition's members were rezoned.

In *Ciszek*, the plaintiff argued that she suffered a particularized injury because "her property is adjacent to the new mining rezone and that there will be 'detrimental dust, noise and traffic created' by new mining activity taking place adjacent to her property [and] . . . her property values will decrease by over $10,000 as a result of the rezones." *Id*. at 128, 254 P.3d at 29. We agreed, stating, "Ciszek's allegations of interference with the use and enjoyment of her property, as well as decreased property values, are sufficient to demonstrate a particularized harm." *Id*. The plaintiff in *Ciszek* had no right to appeal the rezoning decision, which was made in 2008. Like the plaintiff in *McCuskey*, her only recourse was a declaratory judgment action. It was not until 2010 that the legislature amended Idaho Code section 67-6521 to define an *affected person* as being one whose interest in real property may be adversely affected by the approval of a zoning change pursuant to Idaho Code section 67-6511 and to grant such affected person the right to seek judicial review of the decision changing the zoning. Ch. 175, § 3, 2010 Idaho Sess. Laws 359, 361.

Only one of the Coalition's members, Robin Linquist, has alleged that her real property has been adversely impacted by a zoning change. In her affidavit she does not state when the zoning change occurred, but it was apparently after the County's adoption of the comprehensive plan on May 31, 2011, because the Coalition's amended complaint does not seek to set aside any earlier comprehensive plan. Since she would have had the right to seek judicial review of that zoning change, she cannot later challenge it by a declaratory judgment action. A party who could have appealed an adverse zoning decision cannot later challenge the decision by bringing a declaratory judgment action. *Bone*, 107 Idaho at 849, 693 P.2d at 1051.

A party's standing to challenge a land-use decision depends upon whether the party's real property will be adversely affected by the decision. *Hawkins v. Bonneville Cnty. Bd. of Comm'rs*, 151 Idaho 228, 231-32, 254 P.3d 1224, 1227-28 (2011); *Cowan v. Bd. of Comm'rs of Fremont Cnty.*, 143 Idaho 501, 509-10, 148 P.3d 1247, 1255-56 (2006); *Davisco Foods Int'l, Inc. v. Gooding Cnty.*, 141 Idaho 784, 786-87, 118 P.3d 116, 118-19 (2005); *HD Dunn & Son LP v. Teton Cnty.*, 140 Idaho 808, 810, 102 P.3d 1127, 1129 (2004); *Evans v. Teton Cnty.*, 139 Idaho

7

71, 75, 73 P.3d 84, 88 (2003). If the plaintiff is an organization, it must show that the real property of one of its members would be adversely affected. *Rural Kootenai Org., Inc. v. Bd. of Comm'rs*, 133 Idaho 833, 841, 993 P.2d 596, 604 (1999). Other than Ms. Linquist, who is precluded from challenging the comprehensive plan for the reason stated above, Coalition members have not shown that real property in which they have an interest has been adversely affected by the comprehensive plan or by a zoning change made pursuant to that plan. Therefore, the Coalition does not have standing.

Ms. Linquist also alleged that she was concerned about a nuisance action being brought against her by residential landowners who may move onto property near her farming operation. A speculative harm is not sufficient to confer standing. *Martin v. Camas Cnty. ex rel. Bd. of Comm'rs*, 150 Idaho 508, 514, 248 P.3d 1243, 1249 (2011). Under the Right to Farm Act, Idaho Code sections 22-4501 to 22-4506, her farm operation could be a nuisance only if it were not "operated in accordance with generally recognized agricultural practices or in compliance with a state or federally issued permit." I.C. § 22-4505(2). Whether that would happen is speculative.

For the foregoing reasons, we affirm the district court's dismissal of the Coalition's complaint for lack of standing.

## B. Attorney fees on appeal.

The Coalition requests costs but not attorney fees on appeal under Idaho Code sections 12-101, 12-107, 12-114, and 12-119. Canyon County requests attorney fees on appeal under Idaho Code sections 12-117 and 12-121. Idaho Code section 12-117 mandates that in a judicial proceeding involving a governmental entity such as Canyon County, the prevailing party is entitled to an award of reasonable attorney fees if the Court finds that the other party acted without a reasonable basis in fact or law. Idaho Code section 12-121 permits an award of attorney fees to a prevailing party when the claim was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Phillips v. Blazier-Henry*, 154 Idaho 724, 731, 302 P.3d 349, 356 (2013).

Canyon County argues that it is entitled to fees under both section 12-117 and section 12-121 because there is no basis in law for the Coalition's claims based on the overwhelming case law covering the issues on appeal. Canyon County notes that the Coalition does not seek to add to or modify the law of standing and asserts that this appeal is merely an attempt to sidestep the proper process for reviewing zoning decisions.

8

The Coalition cannot recover costs because it lost its appeal. Canyon County is the prevailing party and could recover attorney fees if the Coalition acted without a reasonable basis in fact or law or pursued its claim frivolously, unreasonably, or without merit. On these facts, the Coalition's complaint was not obviously unreasonable, frivolous, or without foundation. Accordingly, Canyon County is not entitled to fees on appeal.

## V.
## CONCLUSION

We affirm the district court's judgment dismissing the Coalition's complaint. We award costs but not fees to Canyon County.

Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.