102 P.3d 1127

**HD DUNN & SON LP, an Idaho limited partnership; Richard Hokin, an individual; and Century Western Development, Inc., an Idaho corporation, Plaintiffs–Counterdefendants–Respondents,**

v.

**TETON COUNTY, a political subdivision of the State of Idaho, Defendant,**

and

**Charles S. Cook, an individual and Barry Ray Sorensen, an individual, Defendants–Counterclaimants–Appellants,**

and

**Judith Ann Cook, wife of Charles Cook, Counterclaimant–Appellant,**

and

**Harold K. Dunn, an individual and H. Kenneth Dunn, an individual, Counterdefendants–Respondents.**

No. 28306.

Supreme Court of Idaho, Boise, September 2004 Term.

Nov. 30, 2004.

Rigby, Thatcher, Andrus, Rigby, Kam & Moeller, Chtd., Rexburg, for appellants. Gordon S. Thatcher argued.

Givens Pursley, LLP, Boise, for respondents. Gary G. Allen argued.

TROUT, Justice.

Appellants, Charles S. Cook and Barry Ray Sorensen (Cook and Sorensen), appeal a district court decision regarding their land. The respondents include HD Dunn & Son LP, Harold K. Dunn, H. Kenneth Dunn, Richard Hokin, and Century Western Development, Inc., (Dunn and Century). Dunn and Century own land in the same area as Cook and Sorensen's land. Cook and Sorensen attempted to divide their property into smaller parcels with the intent of then selling it. Because Dunn and Century objected to these efforts, they brought this action seeking injunctive relief to force Cook and Sorensen to subdivide the land in accordance with Teton County's subdivision ordinance. The district judge agreed that Cook and Sorensen's land did not meet the requirements of the agricultural exemption to the subdivision ordinance and entered injunctive relief. We affirm the decision of the district judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cook and Sorensen divided their 160–acre parcel of land into eight separate 20–acre parcels by warranty deed to themselves, believing they did not need to comply with the subdivision ordinance because there is an exemption for bona fide divisions of agricultural land for agricultural purposes. They also divided four of the newly created 20–acre parcels into eight separate parcels pursuant to the "One Time Only Split of One Parcel of Land" section of the subdivision ordinance. Cook and Sorensen submitted four "One Time Only Land Split" applications to the Teton County Planning and Zoning Commission and the applications were approved. The land division and one time land splits resulted in eight 10–acre parcels and four 20–acre parcels. Before dividing or splitting the land, Cook and Sorensen arranged a real estate transaction to sell the twelve parcels to Teton River Ranch, L.L.C.

On December 5, 2000, the date set for the real estate closing, Dunn and Century filed this action for injunctive relief. The filing of the lawsuit apparently caused the closing to fail after Teton River Ranch, L.L.C. became aware of the suit. Cook and Sorensen responded to the complaint by filing an answer and counterclaim asserting damages resulting from the failed real estate transaction. The district judge ultimately ordered the proceedings trifurcated into three phases. The first phase was to determine if the bona fide agricultural exemption applied to the land division. The second phase was to be a judicial review of the Planning and Zoning Commission's approval of the one time land split applications. The third phase was to address Cook and Sorensen's counterclaim of damages for interference with the closing. The second and third phases of the lawsuit have not occurred and depend on the outcome of the first phase.

As to the first phase, the parties stipulated that in lieu of a trial, the district judge should consider the matter tried and submitted based on the facts in the record as of the date of the stipulation. The district judge held the land division was not exempt from the subdivision ordinance and that the requirements of the subdivision ordinance were not met. Cook and Sorensen were enjoined from selling, transferring, or developing the land until they deeded it back to themselves in one 160–acre parcel. Cook and Sorensen filed a timely notice of appeal.

## II. STANDARD OF REVIEW

Review of the trial judge's decision is limited to ascertaining whether the evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *W. Heritage Ins. Co. v. Green,* 137 Idaho 832, 835, 54 P.3d 948, 951 (2002). If the findings of fact are based on substantial evidence, they will not be overturned on appeal. *Id.* This Court exercises free review over conclusions of law. *Jenkins v. Jenkins,* 138 Idaho 424, 427, 64 P.3d 953, 957 (2003).

## III. ANALYSIS

### A. Dunn and Century have standing to challenge the land division.

Cook and Sorensen first argue Dunn and Century lack standing to even bring this action because Dunn and Century have merely alleged injury. Dunn and Century counter they have standing because an allegation of injury is sufficient to satisfy the requirements of standing, especially when standing was never objected to throughout the trial court proceedings.

"The existence of real or potential harm is sufficient to challenge a land use decision." *Evans v. Teton County,* 139 Idaho 71, 76, 73 P.3d 84, 89 (2003). Century owns land that is adjacent to the parcel owned by Cook and Sorensen. As an adjoining landowner, Century would clearly be affected by the development of a neighboring subdivision. Furthermore, the parties stipulated that in lieu of a trial, the district judge should consider the matter tried and submit-

ted based on the facts in the record at the time of the stipulation. While Cook and Sorensen had denied standing in their answer to the complaint, they in effect, stipulated that Dunn and Century had alleged and sustained sufficient harm when they stipulated to the facts in the record and that the case should proceed forward to a determination and final resolution of the case on the issue of the applicability of the agricultural exemption. Dunn and Century have standing to challenge the land division.

### B. The district judge properly concluded the agricultural exemption did not apply to the land division.

Cook and Sorensen argue their land division fits within the agricultural exemption to the subdivision ordinance because the meaning of "agricultural purposes" includes all uses that are permitted in an A–20 zone, and a single-family residence is expressly permitted in an Agriculture, Large Increment (A–20) zone. Dunn and Century argue the agricultural exemption does not apply to the land division because the primary purpose of the division was not agricultural.

The subdivision ordinance defines a subdivision and the exemption as follows:

*Subdivision:* A deeded tract of land existing on the land records of the county as of August 10, 1998 and that is divided into three (3) or more lots, parcels, or sites for the purpose of sale or building development, whether immediate or future. Such divisions shall not include a bona fide division or partition of agricultural land for agricultural purposes which is the division of land into lots, all of which are twenty (20) acres or larger, and maintained as agricultural lands.

Teton County Subdivision Ordinance, Art. II, Sec. B (amended January 24, 2000). The exemption has several requirements. First, the land divided must be agricultural land. Second, the division must be for agricultural purposes. A division for "agricultural purposes" requires the resulting lots be twenty acres or larger and the lots must be maintained as agricultural lands. Finally, the division must be bona fide.

*(1) The land was agricultural land before the division*

Whether the land divided was agricultural land is a question of fact. The district judge found that before the 160–acre parcel of land was divided it was operated as a ranch, Cook and Sorensen raised cattle and horses on it, and the land was zoned Agriculture, Large Increment (A–20). The affidavits submitted by Cook and Sorensen support the trial court's finding.

*(2) The land was not divided for agricultural purposes*

Whether the land division was for agricultural purposes is a mixed question of fact and law. The district judge found the resulting lots were approximately twenty acres each. This finding is supported by the eight warranty deeds dividing the land, the marketing materials of Teton River Ranch, L.L.C., and the affidavits of Charles S. Cook and Barry Ray Sorensen. The district judge also found incidental agricultural use of the land, even if permitted in an Agriculture, Large Increment (A–20) zone, was insufficient to invoke the agricultural exemption.

Agriculture means farming; in other words, using land to raise crops or livestock. Indeed, the Teton County Zoning Ordinance defines "agriculture" as "the process of raising field, horticultural or garden crops or produce or raising of domestic animals, fowl or honeybees for the purpose of commercial or home crop production...." The definition of agricultural land is not defined by the uses that are permitted in an Agriculture, Large Increment (A–20) zone, which include single family residences, manufactured home subdivisions, churches, public parks and sewage or water pumping stations. If it were, the entire subdivision ordinance would be rendered meaningless as long as a landowner participated in one of the several uses permitted in the agricultural zone. Land is not agricultural land merely because there is some minor incidental use for a garden or to keep a cat. Accordingly, the district judge was correct in concluding the division of land for the purpose of developing single-family residences and a guest lodge was not an agricultural purpose.

*(3) The land division was not bona fide*

Whether a transaction is bona fide is a question of fact. *Bank of Orofino v. Wellman,* 26 Idaho 425, 433, 143 P. 1169, 1171 (1914). Bona fide means made in good faith; without fraud or deceit; sincere; genuine. BLACK'S LAW DICTIONARY 168 (7th ed.1999). Thus, at the time of the land division, the owner must be dividing the land for genuine agricultural purposes. As defined above, agricultural purposes means maintaining a 20–acre parcel of land to raise crops or livestock. The district judge found that prior to the land division, Cook and Sorensen intended to sell all of the parcels to Teton River Ranch, L.L.C. The district judge also found that Cook, Sorensen, and Teton River Ranch, L.L.C. intended the divided land be developed by constructing individual residences, a guest lodge, and fish ponds. These findings are supported by the affidavits of Arnold W. Woolstenhulme, Charles S. Cook, and Barry Ray Sorensen as well as a letter from Arnold W. Woolstenhulme dated April 18, 2000. Thus, the district judge properly concluded the land division was not made for a bona fide agricultural purpose.

**C. Dunn and Century are not entitled to attorney fees on appeal.**

Dunn and Century request attorney fees incurred on appeal pursuant to Idaho Code § 12–121. Because Cook and Sorensen's arguments are not frivolous or unreasonable, the request for attorney fees on appeal is denied.

## IV. CONCLUSION

Dunn and Century have standing to challenge the land division. The district judge's holding that Cook and Sorensen's land division did not meet the requirements of the bona fide agricultural exemption is affirmed. We award costs but not attorney fees to Dunn and Century on appeal.

Chief Justice SCHROEDER, and Justices KIDWELL, EISMANN and BURDICK concur.